**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4470**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM ORLEANS,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Peter J. Messitte, District Judge. (8:07-cr-00163-PJM)

―――――――――

Submitted:  December 28, 2007        Decided:  January 11, 2008

―――――――――

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

James Wyda, Federal Public Defender, Matthew G. Kaiser, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Hollis Raphael Weisman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Orleans appeals from the revocation of his probation and the imposition of a sixty-day sentence. Orleans' counsel has filed an Anders* brief, stating that there are no meritorious issues for appeal but questioning whether Orleans' sentence was plainly unreasonable. Although informed of his right to do so, Orleans has declined to file a pro se supplemental brief. We affirm.

We review a sentence imposed upon revocation of probation to determine whether the sentence is plainly unreasonable. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In doing so, we first assess whether the sentence is unreasonable, using a more deferential standard as to issues of fact and the district court's exercise of discretion than that applied in reviewing a Guidelines sentence. Id. If we find the sentence to be reasonable, the inquiry ends. Id. at 657. If we find the sentence unreasonable, we must then decide whether it is plainly so. Id. "[T]he sentencing court retains broad discretion to revoke a defendant's probation and impose a term of imprisonment up to the statutory maximum." Id.

We conclude that Orleans' sentence is procedurally reasonable because, although Orleans' offense is not covered by the Sentencing Guidelines, see U.S. Sentencing Guidelines Manual

_____

*Anders v. California, 386 U.S. 738 (1967).

§ 1B1.9 (2006), the district court expressly considered the arguments raised by Orleans as well as other relevant factors. It is substantively reasonable because the district court articulated its reasons for selecting the sentence, namely, Orleans' repeated failure to comply with court orders and traffic laws. In addition, the sentence is substantially below the statutory maximum of six months.

Accordingly, we affirm the revocation of Orleans' probation and his sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED